## Nugent, Appellant, *v.* Bowerton Mining Company.

*Equity—Preliminary injunction—Irreparable injury — Tunnel under public street—Abutting landowner—Pending suit for damages.*

A preliminary injunction will not be issued at the suit of a landowner to restrain a mining company from using an entry or passageway to its mines under a public street, because of failure to establish irreparable injury to the plaintiff's lands, where it appears that the company obtained permission from the township authorities to construct its entries under the surface of the street in front of the plaintiff's land; that no mining operations have been conducted or are contemplated under the streets or within the lines of the plaintiff's property; that there has been no subsidence of the surface at any point except upon lands owned by the company; and that an action at law brought by the plaintiff to recover damages for the same injuries is pending and undetermined.

Argued Oct. 17, 1918. Appeal, No. 104, Oct. T., 1918, by plaintiff, from decree of C. P. Allegheny Co., July T., 1918, No. 961, refusing a preliminary injunction in case of John Nugent v. Bowerton Mining Company. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Bill in equity for preliminary injunction to restrain use of entry or tunnel to a mine under a public street. Before SWEARINGEN, J.

The lower court refused a preliminary injunction in the following opinion, filed May 24, 1918, by SWEARINGEN, J.:

The plaintiff is the owner of three lots in the plan of Domestic Land Company, Scott Township, Allegheny County, Pennsylvania, together having a frontage of about seventy-five feet on Main street and extending back westwardly about 110 feet. Main street of the plan is a public road, which is maintained by Scott Township, it being one of the first class under act approved April 28, 1899, page 108. The plaintiff's land is on a hillside—the rear of the lots being about thirty feet below the level of Main street.

The defendant owns, inter alia, a large number of lots in the plan, and it is engaged in mining coal. It obtained permission from the commissioners of Scott Township to drive its entries under the surface of the streets of the plan, and it has constructed its pit mouth at Neville street, and has driven an entry along Main street in front of the plaintiff's land. The entry is eight feet in width and about six feet in height. At the nearest point, the entry approaches within six feet of the plaintiff's front lot line. Here, the roof of the entry is of rock, and the thickness of the strata is about thirty-five feet. No mining operations have been conducted by the defendant under the road in question. The plaintiff's contention is that the defendant has removed coal under the streets and alleys, in which he claims to have an interest that will support the bill. No coal within the lines of the plaintiff's lots has been removed, nor is it intended to remove any. There has been no subsidence of the surface at any point within the limits of Domestic Land Company plan, except upon that portion which is owned by the defendant, and that was caused by the removal of the coal to the edge of the crop.

The plaintiff brought an action at law against the defendant to recover damages for the same injuries of which complaint is made in this case, and that action is still pending and undetermined. No irreparable injury to the plaintiff's land has been shown by the evidence.

In view of the foregoing, the right of the plaintiff to the extraordinary relief for which he prays is not clear. Whatever may appear upon final hearing, no case is now disclosed, which warrants a court of equity to interfere by preliminary injunction. Accordingly, the plaintiff's motion for a preliminary injunction is refused.

*Error assigned* was the decree of the court refusing a preliminary injunction.

*Joseph Crown,* for appellant.

*John C. Bane,* for appellee, not heard.

PER CURIAM, January 4, 1919:

This appeal is dismissed, at appellant's costs, on the opinion of the learned chancellor below refusing the preliminary injunction.